```
         IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF KANSAS
```

TYRON JAMES,

              **Petitioner,**

      v.
                                       CASE NO.  15-3116-SAC

JAMES HEIMGARTNER,
Warden, et al.,

              **Respondents.**

### ORDER TO SHOW CAUSE

This is a pro se petition for writ of habeas corpus filed under 28 U.S.C. § 2254 by a state inmate. On May 5, 2016, the court entered a screening order (Doc. 4) that required petitioner to demonstrate full exhaustion on six of his eight grounds in the petition or voluntarily dismiss his unexhausted claims or this court would dismiss the entire action because the petition is mixed. Petitioner has filed a Response in which he voluntarily dismisses his unexhausted claims. Accordingly, Grounds 3 through 8 are dismissed without prejudice as unexhausted, and this action proceeds upon Grounds 1 and 2 only. Having examined the materials filed in this case, the court finds:

1. Petitioner is presently a prisoner in the custody of the State of Kansas; and

2. petitioner demands his release from such custody, and as grounds therefore alleges that he is being deprived of his liberty in violation of his rights under the

> Constitution of the United States, and it appears that petitioner has exhausted all remedies afforded by the courts of the State of Kansas on the grounds remaining in the action.

The court further finds that it appears from the petition and petitioner's Response that this action was timely filed. However this finding is tentative and does not preclude respondent from raising a statute-of-limitations defense. The court concludes that a response to the petition is required.

**IT IS THEREFORE BY THE COURT ORDERED THAT** grounds 3, 4, 5, 6, 7 and 8 in the petition are hereby dismissed upon petitioner's motion, without prejudice, as unexhausted.

**IT IS FURTHER ORDERED THAT**:

1. Respondents herein are hereby required to show cause within twenty (20) days from the date of this order why the writ should not be granted.

2. The response should present:

> (a) the necessity for an evidentiary hearing on each of the remaining grounds alleged in petitioner's pleadings; and

> (b) an analysis of each of said grounds and any cases and supporting documents relied upon by respondents in opposition to the same.

3. Respondents shall cause to be forwarded to this court for examination and review the following:

> the records and transcripts, if available, of the criminal proceedings complained of by petitioner, if a direct appeal of the judgment and sentence of the trial court was

>   taken by petitioner, respondents shall furnish the records, or copies thereof, of the appeal proceedings.

Upon termination of the proceedings herein, the clerk of this court will return to the clerk of the proper state court all such state court records and transcripts.

4. The petitioner is granted ten (10) days after receipt by him of a copy of the respondents' response to file a traverse thereto, admitting or denying under oath all factual allegations therein contained.

5. The clerk of this court shall then return this file to the assigned judge for such other and further proceedings as may be appropriate; and that the clerk of this court shall transmit copies of this order to petitioner and to the office of the Attorney General for the State of Kansas.

**IT IS FURTHER ORDERED** that the screening process under HC Rule 4 having been completed, this matter is returned to the clerk of the court for random reassignment for all further proceedings pursuant to D. Kan. R. 40.1.

**IT IS SO ORDERED.**

**Dated this 25th day of May, 2016, at Topeka, Kansas.**

>   <u>s/Sam A. Crow</u>
>   **U. S. Senior District Judge**