IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TYRON JAMES,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | |
| ) | Case No. 15-3116 |
| **JAMES HEIMGARTNER, et al.,** ) | |
| ) | |
| Respondents. ) | |
| ) | |

**MEMORANDUM AND ORDER**

Tyron James, a prisoner in a state correctional facility in Kansas, filed a Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Doc. 1.) Respondents filed a Motion to Dismiss (Doc. 15) arguing that the petition should be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

Petitioner placed his federal habeas petition in the prison mailing system on May 11, 2015, after his state conviction became final on July 21, 2005. The parties do not dispute the relevant dates set forth in the procedural history portion of respondents' motion to dismiss, thus the court adopts these facts.

**I.     Legal Standard**

Federal petitions for habeas corpus generally must be filed within one year of the date on which the petitioner's conviction became final. 28 U.S.C. § 2244(d)(1)(A). Under § 2244(d)(1)(A), "a petitioner's conviction is not final and the one-year limitation period for filing a federal habeas petition does not begin to run until—following a decision by the state court of last resort—'after the United States Supreme Court has denied review, or, if no petition for certiorari is filed, after the time for filing a petition for certiorari with the Supreme Court has passed.'" *Locke v. Saffle*, 237 F.3d 1269, 1273

-1-

(10th Cir. 2001) (quoting *Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999)).  However, the one-year limitation period is tolled during the time "a properly filed application for state post-conviction or other collateral review . . . is pending."  *Id.* § 2244(d)(2).

## II.     Timeliness

Using July 20, 2006—the date petitioner claims he placed his first Kan. Stat. Ann. § 60-1507 motion ("first motion") in the prison mailing system—as the date of filing for petitioner's first motion, petitioner had one day remaining under the statute of limitations.  Petitioner did not immediately seek federal relief when his petition for review was denied on August 19, 2013.  Instead, petitioner claims that he mailed a second habeas motion under Kan. Stat. Ann. § 60-1507 ("second motion") to the state court via prison mail on August 20, 2013.  Assuming petitioner's second motion was filed within the one-year period; it was successive and did not toll the statute of limitations.  *See Burger v. Scott*, 317 F.3d 1133, 1139 (10th Cir. 2003) (federal courts look to state procedural law to determine whether a state petition is properly filed); *see also* Kan. Stat. Ann. § 60-1507(c) (successive motions are not generally permitted in Kansas).  Notably, the Kansas Court of Appeals affirmed the trial court's dismissal of petitioner's second motion as successive and untimely.  *James v. State*, No. 111091, 2015 WL 1310738, at *5, 7 (Kan. Ct. App. Mar. 13, 2015).

It is worth mentioning that petitioner raised claims of ineffective assistance of postconviction appellate counsel in his second motion.  While there is no constitutional right to counsel in a state habeas proceeding under Kan. Stat. Ann. § 60-1507, Kansas has a statutory provision for appointment of counsel if conditional provisions are met.  *Robertson v. State*, 201 P.3d 691, 699 (Kan. 2009) ("there is a conditional right to counsel protected by statute[]").  Kansas recognizes that claims of ineffective assistance of postconviction counsel can qualify as an exceptional circumstance to warrant review of a successive habeas motion.  *See Carter v. Werholtz*, 430 F. App'x 702, 707 (10th Cir. 2011) ("[U]nder

Kansas law a defendant may be able to bring a second or successive § 60-1507 motion under the exceptional-circumstances doctrine by showing that the reason for not raising the issue sooner was ineffective assistance of counsel."); *see also Robertson*, 201 P.3d at 699–700 (once the Kansas statutory right to counsel attaches, a movant is entitled to effective assistance of counsel.").  However, the Kansas Court of Appeals addressed the merits of petitioner's claims and found that he failed to show postconviction counsel was ineffective.  *James*, 2015 WL 1310738 at *7–8.

### III.    Equitable Tolling

Without additional tolling, petitioner's federal habeas petition is time-barred.  *See Burger*, 317 F.3d at 1141 (recognizing "that § 2244(d) is not jurisdictional, but rather is subject to equitable tolling.").  In habeas cases, equitable tolling is limited to "rare and exceptional circumstances."  *Id.* (quoting *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000)).  "The Tenth Circuit has stated that equitable tolling 'would be appropriate, for example, where a prisoner is actually innocent, when an adversary's conduct—or other uncontrollable circumstance—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period.'"  *Cline v. Schnurr*, No. 5:14-CV-3159-JTM, 2015 WL 6138484, at *3 (D. Kan. Oct. 19, 2015) (quoting *Gibson*, 232 F.3d at 808)).

Petitioner claims that he diligently pursued his rights and was entitled to bring the second motion because he raised constitutional issues challenging his conviction.  Petitioner also alleges that his retained postconviction counsel was ineffective by (1) failing to file a timely state habeas petition; (2) lying to him about her progress on his case; and (3) failing to provide petitioner copies of his transcripts.  As a result, petitioner personally filed his first motion to avoid it being time-barred—although, retained counsel later filed an amended state habeas petition.  *See James*, 2015 WL 1310738 at *1.

Even if counsel was ineffective with respect to petitioner's first motion, petitioner failed to immediately seek federal review after it was denied. At this point, petitioner's retained counsel no longer represented him; and petitioner was aware of her alleged misconduct prior to the expiration of his deadline. *Cf. Fleming v. Evans*, 481 F.3d 1249, 1256–57 (10th Cir. 2007) (citing cases where the statute of limitations were equitably tolled because habeas counsel misled the petitioners into believing they were working on and would file timely habeas petitions). Petitioner does not claim that the ineffectiveness of his retained counsel hindered his ability to timely file a federal habeas petition on August 20, 2013, as opposed to a second state habeas petition. And as addressed above, petitioner was not "entitled" to bring the second motion, which was deemed improper by the state courts. Also, federal habeas relief is not available for independent claims of ineffective assistance of postconviction counsel. *See Carter*, 430 F. App'x at 708 ("There is no constitutional right to postconviction counsel; so even if his attorney in his proceedings under § 60-1507 should have raised these ineffectiveness claims, that failure is not a ground for relief under § 2254.").

The court finds that petitioner cannot meet the "rare and exceptional" circumstances standard to warrant equitable tolling in his case. Therefore, the petition is time-barred under § 2244(d), and is dismissed.

Rule 11 of the Rules Governing Section 2254 Proceedings states that the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. When the court bases its ruling on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling," and "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Gifford v. Everett*, 28 F. App'x 748, 750 (10th Cir. 2001) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

-5-

Here, the court declines to issue a certificate of appealability. Nothing suggests that the court's rulings in this case are debatable or incorrect, and no record authority suggests that the Tenth Circuit would resolve this case differently. Petitioner may not appeal the court's denial of a certificate, but he may seek a certificate of appealability from the Tenth Circuit. *See* Rules Governing Section 2254 Cases, Rule 11(a).

**IT IS THEREFORE ORDERED** that respondents' Motion to Dismiss (Doc. 15) is granted.

**IT IS FURTHER ORDERED** that is petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By a Person in State Custody (Doc. 1) is dismissed.

This case is closed.

Dated this 28th day of March, 2017, at Kansas City, Kansas.

    s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**